UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARNEY TITUS SUMMERS,** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-00720** |
| **ANDREW M. SAUL, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | **SECTION: "H" (4)** |

**REPORT AND RECOMMENDATION**

### I. Introduction

Before the Court is a **Motion to Dismiss (Rec. Doc. 14)** filed by the Commissioner, which was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. 636(b) and Local Rule 19.02E(b), for the submission of Proposed Findings and Recommendations. The Commissioner alleges that Summers has not exhausted his administrative remedies because he has not received a final decision on the cessation of his supplemental security income payments. This motion is not opposed. This motion was set for submission on December 30, 2020 and was heard on the briefs.

### II. Factual Summary

The claimant, Barney Titus Summers ("Summers"), is a fifty-eight-year-old man who filed this claim contending that he is disabled due to a schizophrenia, personality disorder, bipolar, and paranoia. Rec. doc. 14-3. Summers filed his claim for disability benefits on August 1, 2001 and was allowed, but benefits were ceased on September 1, 2019 following a continuing disability review. *Id.*

On October 9, 2019, Summers was mailed a Notice of Cessation and requested reconsideration on October 21, 2019. *Id.* While the request for reconsideration was pending, he

filed a civil action in this Court on March 2, 2020. R. Doc. 1. His administrative hearing on his request for reconsideration took place on November 4, 2020, six months after he filed his appeal in this Court. *See* Rec. doc. 14-3. The administrative matter remains pending and the Commissioner has not yet rendered a decision on the termination of Summer's SSI payments.

### III.  Analysis

The Social Security Act ("SSA") provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, ... may obtain a review of such decision by a civil action" in federal district court. 42 U.S.C. § 405(g). But the Act does not define "final decision," instead leaving it to the SSA to give meaning to that term through regulations. *See* 42. U.S.C. § 405(a); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision, but, if the Council denies the request for review, the ALJ's opinion becomes the final decision. *See* 20 C.F.R. §§ 404.900(a)(4)-(5), 404.955, 404.981, 422.210(a).

If a claimant, fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases. *See* 20 C.F.R. § 404.900(b); *Bowen v. City of New York*, 476 U.S. 467, 482-83 (1986). In administrative law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies. *See Salfi*, 422 U.S. at 765-66.

There is no evidence in the record that would suggest that Summers's request for review of the termination of his SSI payments has been completed. Further, Summers has filed no response to the subject motion. In the absence of proof to the contrary, the Court finds that

2

Summers has failed to exhaust the available administrative remedies. Therefore, the **Motion to Dismiss (Rec. doc. 14)** should be **GRANTED**.

IV.  <u>**Recommendation**</u>

It is the **RECOMMENDATION** of this Court that the **Motion to Dismiss (Rec. doc. 14)** be **GRANTED** for failure to exhaust administrative remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this <u>8th</u> day of February, 2021.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**